ROSY KERTESZ, PLAINTIFF-APPELLANT, v. JOSEPH FELD-HEIM, DEFENDANT-RESPONDENT.

Decided December 31, 1927.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Isidor B. Glucksman* (*Otto S. Stiefel,* of counsel).

For the respondent, *Herman Waldman.*

PER CURIAM.

The appellant, plaintiff below, brought her action in the First District Court of the city of Newark, against the respondent, defendant below, to recover the reasonable value of certain premises of the said plaintiff, occupied by the defendant from the 14th day of September, 1925, until the

second day of January, 1926. The case was tried before the court, sitting without a jury. Judgment was given for the defendant. From this judgment, plaintiff appeals to this court.

The agreed state of the case is as follows: "The action was brought on contract, to recover the reasonable value for use and occupation of premises owned by the plaintiff and occupied by the defendant with the permission of the plaintiff.

Plaintiff was the owner of premises at 1142 Broad street and 31-35 Austin street, Newark, New Jersey. On November 16th, 1925, plaintiff entered into a written contract with one Samuel Ehrlich to convey the said premises to him, the deed to be delivered on January 2d, 1926. The said agreement also provided that the purchaser had the right to go into possession of the premises immediately, for the purpose of making repairs. On December 14th, 1925, the said Ehrlich, without the knowledge of plaintiff, entered into a lease with defendant, which lease provided that defendant was to have possession of the premises as a tenant of the said Ehrlich on and after December 15th, 1925, at a monthly rental of eight hundred ($800) dollars. On that day defendant went into occupation of the premises.

Several days thereafter the husband of the plaintiff appeared on the premises and notified the defendant that he would have to pay rent for the same immediately, otherwise he would put a padlock on the premises. The defendant told the plaintiff's husband that he held under a lease from Ehrlich and also told him he was at liberty to put a padlock on if he thought he had the right to do so. Nothing was done by the plaintiff thereafter and the defendant continued in possession of the premises and paid rent to Ehrlich until January 2d, 1926, on which day plaintiff conveyed the premises to Ehrlich.

The rental value of the premises for the period of occupancy by the defendant had been agreed upon by respective counsel to be four hundred ($400) dollars, and if judgment had been rendered in favor of the plaintiff, it was to have been in that amount.

On May 27th, judgment was entered in favor of the defendant. The court, upon request of the attorney for plaintiff to make findings of law and/or fact, found as a fact that the relationship of landlord and tenant did not exist between the plaintiff and defendant, and found, as a matter of law, that this·action could not be maintained unless the relationship of landlord and tenant did exist between the plaintiff and defendant."

The bare statement of the facts makes it clear that the relation of landlord and tenant did not exist between the plaintiff and defendant, hence, under the well-settled legal rule, the plaintiff was not entitled to sustain her action for use and occupation.

Judgment affirmed, with costs.